UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 21-cr-20191-KMW

UNITED STATES OF AMERICA,

v.

CESAR QUIROS SANDOVAL,

Defendant.

_____/

## FACTUAL PROFFER

Defendant, Cesar Quiros Sandoval ("Defendant"), his counsel, and the United States of America agree that, had this case proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

On or about February 21, 2021, a United States Marine Patrol Aircraft (MPA) detected a go fast vessel ("GFV") approximately 125 nautical miles northeast of Malpelo Island, Colombia, in international waters. United States Coast Guard Cutter (USCGC) MUNRO received authorization to board the GFV based on the fact the GFV was reasonably suspected of being without nationality, displayed no indicia of nationality, and had a large amount of packages on deck while operating in a known drug trafficking area.

USCGC MUNRO launched their Small Unmanned Aircraft System (sUAS) which located and observed the GFV. The sUAS confirmed the presence of packages on the GFV. USCGC MUNRO launched two Over the Horizon boats (OTHs) for intercept and a full law enforcement boarding was authorized. The boarding team observed packages onboard the GFV in plain view. The USCG boarding team found four individuals on the GFV, who were identified as the Defendant and his co-defendants. A check of the GFV yielded no physical flag flown, no registration documents, no registration number painted on the hull, no homeport painted on the hull, no name on the hull, and no other markings painted on the hull. When asked, none of the

individuals on board admitted to being the master or individual in charge of the vessel, and when asked about the nationality or registry of the vessel, they failed to make a claim of nationality or registry for the vessel. Based on the investigation to that point, the USCG was authorized to treat the GFV as a vessel without nationality. The vessel was in fact a vessel without nationality, because the individuals on the GFV failed to make a claim of nationality or registry when asked by the Coast Guard.

The boarding team recovered from the GFV: (1) 15 bales of cocaine, with an estimated weight of approximately 450 kilograms (including packaging); and (2) 41 bales of marihuana, with an estimated weight of approximately 2,870 pounds (or approximately 1,301 kilograms) (including packaging). The ultimate weight of the narcotics is lower than the figures set out above, due to the inclusion of packaging in those weights. As a result, the parties agree that the drug weight at issue is at least 30,000 KG, but less than 90,000 KG of converted drug weight, under USSG §2D1.1(c)(2). A sample of the bales of narcotics recovered from the GFV field-tested positive for cocaine and marijuana, respectively. The U.S. Coast Guard subsequently detained all four individuals who were on board the GFV.

The Defendant conspired with his co-defendants on the boat, and people in Colombia, to possess five kilograms or more of cocaine, and 1,000 kilograms or more of marihuana, while on board a vessel without nationality in international waters, subject to the jurisdiction of the United States. He was to be paid for his work in transporting the cocaine on the boat, and delivering that cocaine to its planned recipients.

The Parties agree that the above facts, which do not include all the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant in the above-referenced matter.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 7/6/2021        By:

FREDERIC C. SHADLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 7/1/21          By:

STEPHEN J. GOLEMBE, ESQ.
COUNSEL FOR DEFENDANT

Date: 7/1/21          By:

CESAR QUIROS SANDOVAL
DEFENDANT